| | |
|---|---|
| JOHN WARREN HINDS,<br><br>         Petitioner,<br><br>v.<br><br>JOSIE GASTELO, Warden,<br><br>         Respondent. | Case No.: 17-cv-379 AJB (JLB)<br><br>**REPORT AND RECOMMENDATION FOR ORDER DENYING WITHOUT PREJUDICE MOTION TO DISMISS PETITION FOR WRIT OF HABEAS CORPUS**<br><br>**[ECF No. 7]** |

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

## I. INTRODUCTION

Before the Court is the petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 of Petitioner John Hinds. (ECF No. 1.) Also before the Court is Respondent's motion to dismiss petition for writ of habeas corpus, Petitioner's opposition thereto, and Respondent's reply. (ECF Nos. 7; 10; 13.)

This Report and Recommendation is submitted to United States District Judge Anthony J. Battaglia pursuant to 28 U.S.C. § 636(b)(1) and Local Civil Rule HC.2 of the United States District Court for the Southern District of California. For the reasons discussed below, the Court recommends Respondent's motion (ECF No. 7) be **DENIED WITHOUT PREJUDICE**.

## II. BACKGROUND

Petitioner challenges his convictions and sentences related to two separate incidents. First, on June 26, 2012, Petitioner Hinds grabbed the glasses Howard Woods was wearing

and ran down the streets of downtown San Diego. (ECF No. 1 at 15.)[1] Woods ran after Petitioner, and moments later, Petitioner struck Woods multiple times with his fists. (*Id.* at 15-16.) Petitioner then left the area, and returned shortly thereafter. (*Id.* at 16.) After words were exchanged, Petitioner struck Woods several more times. (*Id.*) Woods suffered bruising near his eye and a laceration to the back of his head among other injuries. (*Id.*)

Second, on August 3, 2012, Petitioner was in custody at the central jail in downtown San Diego. (*Id.* at 19.) Having escorted Petitioner to his housing unit, Deputy Marie Chateigne began to remove Petitioner's hand restraints through the food flap located on the front of the cell door. (*Id.*) However, as she attempted to remove Petitioner's restraints, Petitioner pulled Deputy Chateigne's arm through the food flap and spat on her through the door. (*Id.*) Deputy Chateigne suffered bruising to her left arm as a result. (*Id.*)

Petitioner was tried criminally for both incidents. A jury of the San Diego County Superior Court found Petitioner guilty of the four counts that arose from the June 26, 2018 incident — count one for robbery in violation of California Penal Code section 211, count two for assault by means of force likely to produce great bodily injury in violation of California Penal Code section 245, subdivision (a)(4), count three for grand theft in violation of California Penal Code section 487, and count four for battery in violation of California Penal Code section 242. (ECF No. 8-3 at 8-9.) In a subsequent bifurcated bench trial that arose from the August 3, 2012 incident, the trial court found Petitioner guilty of the remaining two counts — count five for battery on a peace officer with injury in violation of California Penal Code section 243, and count six for resisting an executive officer in violation of California Penal Code section 69. (ECF No. 8-3 at 9.) The trial court also found Petitioner had served two separate prison terms pursuant to California Penal Code section 667.5, subdivision (b), and was previously convicted of a serious felony offense

---

[1] Petitioner's statement of facts is consistent with his Appeal from the Superior Court to the Court of Appeals (ECF No. 8-3 at 15), California's reply brief in the Court of Appeals (ECF No. 8-4 at 10), and Petitioner's appeal in the California Supreme Court (ECF No. 8-7 at 9).

under California Penal Code section 667, subdivision (a). (*Id.*) Petitioner was sentenced to an aggregate of sixteen years and four months in state prison. (ECF No. 8-2 at 1-4.) Petitioner appealed his convictions and sentences. (ECF No. 8-3.)

On April 16, 2014, the California Court of Appeal issued a written opinion on Petitioner's appeal. The Court of Appeal reversed the conviction for grand theft in count 3, struck the one-year sentence enhancement imposed based on a prior conviction, and affirmed the judgment in all other respects. (ECF No. 8-6 at 18.) Petitioner sought further review by the California Supreme Court. (ECF No. 8-7.) On June 25, 2014, the Supreme Court denied the request for review without comment. (ECF No. 8-8.)

Next, Petitioner filed three state post-conviction habeas petitions. First, Petitioner filed a petition for writ of habeas corpus with the San Diego County Superior Court dated May 15, 2015, which was received on June 2, 2015. (ECF No. 8-9 at 1, 8.) Petitioner claimed "[i]neffective assistance of trial counsel in violation of Petitioner's 6th Amendment right" for failing to present Petitioner's extensive, documented mental health history as part of the defense strategy. (*Id.* at 3, 13.) On July 6, 2015, the Superior Court denied the petition for failing to set forth a prima facie case for relief, holding *In the Matter of the Application of: John Warren Hinds*, No. HC22055 (Super. Ct. of Cal., Cty. of San Diego July 06, 2015):

> Here, Petitioner has not met his burden to show he was prejudiced by his purported ineffective counsel. While Petitioner has submitted a number of exhibits in support of his petition, he has not explained how counsel's alleged failure to raise the issue of Petitioner's mental health fell below the standard of care, or that even if counsel had raised it, the outcome would have been different.

(ECF No. 8-10 at 3.)

Second, Petitioner filed a petition for writ of habeas corpus with the California Court of Appeal dated October 19, 2015, which was received on October 26, 2015. (ECF No. 8-11 at 1, 150.) Again, Petitioner argued ineffective assistance of trial counsel for failing to present his mental history in court. (ECF No. 8-11 at 3.) On October 28, 2015, the

California Court of Appeal denied the petition, holding *In re John Warren Hinds*, No. HC22055 (Cal. Ct. App. Oct. 28, 2015):

> Hinds is not entitled to habeas corpus relief. His petition, filed two-and-a-half years after he was sentenced without any explanation for the delay, is barred as untimely. . . . Even if the petition were not procedurally barred, it would fail on the merits. . . . The record thus shows counsel presented evidence and argument concerning Hinds's mental illness to both the jury and the court, and it is not reasonably probable additional evidence on that issue would have resulted in a better outcome for Hinds.

(ECF No. 8-12 at 2.)

Petitioner's third and last state petition for writ of habeas corpus was constructively filed with the California Supreme Court on February 3, 2016.[2] (ECF No. 8-13 at 21.) In addition to the same grounds for relief that he had raised before the California Court of Appeal, Petitioner claimed ineffective assistance of counsel for failure to present an expert witness to testify about the mental condition of Petitioner at the time of the offense. (ECF No. 8-13 at 2, 12.) The California Supreme Court denied his petition on April 20, 2016, citing *People v. Duvall*, 9 Cal. 4th 464, 474 (1995), but otherwise without comment. (ECF No. 8-14.)

On February 20, 2017, Petitioner filed the petition for writ of habeas corpus that is currently pending before this Court (the "Petition"). (ECF No. 1.) Petitioner contends trial counsel failed to present an adequate defense with respect to his mental state in violation of his Sixth Amendment and Fourteenth Amendment rights. (ECF No. 1 at 6.) On June 21, 2017, Respondent filed a motion to dismiss the Petition with prejudice as being barred by the statute of limitations. (ECF No. 7.) On July 31, 2017, Petitioner filed an opposition to the motion to dismiss arguing he is entitled to equitable tolling, and the Petition is therefore not time barred. (ECF No. 10.) On October 25, 2017, Respondent filed a reply arguing Petitioner is not entitled to equitable tolling. (ECF No. 13.)

---

[2] The petition was received by the Supreme Court on February 8, 2016.

4

## III. SCOPE OF REVIEW

Title 28 of the United States Code, section 2254, provides the following scope of review for federal habeas corpus claims:

> The Supreme Court, a Justice thereof, a circuit judge, or a district court shall entertain an application for a writ of habeas corpus in [sic] behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States.

28 U.S.C. § 2254(a).

The provisions of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") also govern habeas corpus claims. *See Lindh v. Murphy*, 521 U.S. 320, 326–27 (1997) (holding that federal courts reviewing any habeas petition filed in federal court after the April 24, 1996 enactment of AEDPA will apply its provisions). AEDPA amended 28 U.S.C. § 2254(d), which now reads:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim—
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). AEDPA imposes a one-year statute of limitations on all habeas petitions on behalf of persons pursuant to the judgment of a state court. 28 U.S.C. § 2244(d)(1).

## IV. DISCUSSION

Petitioner contends he was denied effective assistance of counsel in violation of his Sixth Amendment and Fourteenth Amendment rights of the United States Constitution due

to counsel's failure to present his documented mental history or to call the court appointed psychiatrist to testify about his mental state at the time of the incident. (ECF No. 1 at 20, 23.) Petitioner asserts the state court unreasonably rejected his ineffective assistance of counsel claim because it failed to consider that expert testimony by a psychiatrist had a high probability of changing the outcome of the verdict. (*Id.* at 26.)

In the Motion to Dismiss, Respondent argues the Petition is barred by the statute of limitations pursuant to 28 U.S.C. § 2244(d). (ECF No. 7-1 at 3.) In the Opposition to Motion to Dismiss, Petitioner argued he is not time barred because he is entitled to equitable tolling, and intends to file an amended petition, presumably to further develop the record to support his claim. (ECF No. 10 at 5.) In the Reply, Respondent argues Petitioner is not entitled to equitable tolling, but does not address whether further factual development of the record is required. (ECF No. 13.) This Court concludes the opportunity for further factual development is required and Respondent's Motion should be denied without prejudice.

**A. One-Year Statute of Limitations Under AEDPA**

Unless an exception applies, Petitioner is barred by AEDPA's statute of limitations. AEDPA imposes a one-year statute of limitations on all habeas petitions filed by persons in custody pursuant to the judgment of a state court. 28 U.S.C. § 2244(d)(1). The limitations period begins to run from the latest of --

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such state action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

6

> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d). Subsections (B), (C), and (D) are not argued and do not apply in this case. Thus, the Court analyzes the timeliness of the Petition under subsection (A).

In order to determine whether a petition is untimely under subsection (A), the Court must first determine when the judgment became final by the conclusion of direct review. 28 U.S.C. § 2244(d)(A). The period of direct review concludes when the time within which the petitioner can file a petition for a writ of certiorari with the United States Supreme Court expires. *Bowen v. Roe*, 188 F.3d 1157, 1159 (9th Cir. 1999). Under Supreme Court Rule 13, the time to file a petition for writ of certiorari to review a judgment entered by a state court of last resort expires 90 days after entry of the judgment. SUP. CT. R. 13.

Here, Petitioner appealed his conviction to the California Supreme Court and received a final decision on June 24, 2014. (ECF No. 8-8.) Petitioner did not file a writ of certiorari with the United States Supreme Court. Therefore, the statute of limitations period began to run 90 days later on September 23, 2014,[3] and the limitations period expired under subsection (A) on September 23, 2015. *See* 28 U.S.C. § 2244(d)(1)(A). The Petition was constructively filed on February 20, 2017,[4] a year and five months after the limitations period expired. As a result, the Petition is time barred, unless the Petition is saved by statutory tolling or equitable tolling.

///

///

---

[3] Fed. R. Civ. P. 6(a); *see also Patterson v. Stewart*, 251 F.3d 1243, 1246 (9th Cir. 2001) (noting the day in which the limitations period begins to run should not be counted).

[4] The Petition was received and docketed by the district court on February 23, 2017. However, the Petition is dated February 20, 2017, and thus pursuant to the prison mailbox rule, the Court concludes it was constructively filed on February 20, 2017. *See Davis v. Woodford*, 446 F.3d 957, 960 (9th Cir. 2006) ("Under the mailbox rule, if an inmate deposits a notice of appeal in the institution's internal mail system on or before the last day for filing, the notice is timely.").

**B. Statutory Tolling**

Petitioner is entitled to statutory tolling, but it is insufficient, alone, to make the filing of the Petition timely. AEDPA's one-year statute of limitations can be statutorily tolled for the time during which a properly filed application for state post-conviction review, or other collateral review, of the judgment or claim is pending. 28 U.S.C. § 2244(d)(2). The statutory limitations period can be statutorily tolled for the entire pendency of a state application challenging the pertinent judgment, even if the state application does not include claims later asserted in the federal habeas petition. *Tillema v. Long*, 253 F.3d 494, 502 (9th Cir. 2011).

Petitioner filed three state habeas petitions, one at each level of the California courts. (ECF Nos. 8-9; 8-11; 8-13.) In each state petition, he contends ineffective assistance of counsel for counsel's failure to present documents related to his mental health history. (*Id.*) In addition, his petition to the Supreme Court of California raised a new claim that trial counsel failed to present "expert witness testimony concerning [his] mental condition [] at the time of the offense." (ECF No. 8-13 at 2, 12.) In his Petition before this Court, Petitioner raises the same claims raised in the California Supreme Court. (ECF No. 1.) Although the Petition is not identical to all the state petitions, all petitions attack the same pertinent judgment. Thus, statutory tolling can apply to all the claims for the entire pendency of the state petitions. *See* 28 U.S.C. § 2244(d)(2); *Tillema*, 253 F.3d at 502.

Where a petitioner chooses to invoke the original habeas jurisdiction of the California courts and files a new habeas petition at each level, the statute of limitations is tolled during the time between those filings so long as they were filed within a "reasonable time" after denial at the lower level, and not denied on the basis of California's untimeliness rule. *Carey v. Saffold*, 536 U.S. 214, 223, 225 (2002); *Bonner v. Carey*, 425 F.3d 1145, 1148 (9th Cir. 2005). Furthermore, if the highest court to render a decision determines that a petition is timely, then any prior denial by a lower court on the basis of California's untimeliness rule is undone and the statute of limitations is tolled during the time between those filings. *See Campbell v. Henry*, 614 F.3d 1056, 1061 (9th Cir. 2010) ("If the highest

court to render a decision determines that the claim is timely, then that claim was timely when it was before the lower court.").

When the California Supreme Court denies a habeas corpus petition without opinion, it frequently indicates the grounds for the denial by simply citing either a California Supreme Court case or some other authority. *See Curiel v. Miller*, 830 F.3d 864, 868 (9th Cir. 2016) (internal quotation omitted). Here, the Court of Appeal found Petitioner's habeas petition untimely for being filed two-and-a-half years after he was sentenced without any explanation for delay. (ECF No. 8-12 at 2.) However, the California Supreme Court denied Petitioner's final state habeas petition without opinion, citing one California Supreme Court case unrelated to the issue of timeliness, *People v. Duvall*.[5] The Court turns to *Curiel v. Miller*, 830 F.3d 864 (9th Cir. 2016) to determine the legal effect of this denial as it relates to the timeliness of Petitioner's claims.

The Ninth Circuit in *Curiel* held a California Supreme Court's denial which cites to both *People v. Duvall* and *In re Swain* [6] is equivalent to a demurrer, "*i.e.*, a holding that [the petitioner] ha[s] not pled facts with sufficient particularity," and thus, deeming the petition "properly filed" for the purposes of tolling under § 2244(d)(2). *Id.* at 869 (quoting to *Gaston v. Palmer*, 417 F.3d 1030, 1039 (9th Cir. 2005), *reh'g granted, opinion modified on other grounds*, 447 F.3d 1165 (9th Cir. 2006). The Ninth Circuit found that *Swain* and *Duvall* offer "adequate insight into the court's reasoning to treat its opinion as the last reasoned decision on the timeliness of [the petition]." *Curiel*, 830 F.3d at 870.

The Ninth Circuit gave three reasons to support this finding that the California Supreme Court's mere citation to *Swain* and *Duvall* means the Supreme Court determined the habeas claims were timely made. First, following the reasoning that citations to *Swain*

---

[5] *People v. Duvall*, 9 Cal. 4th 464 (1995) addresses the requirement that "[t]he petition should both (i) state fully and with particularity the facts on which relief is sought as well as (ii) include copies of reasonably available documentary evidence supporting the claim, including pertinent portions of trial transcripts and affidavits or declarations." *Duvall*, 9 Cal. 4th at 474 (citations omitted).
[6] *In re Swain*, 34 Cal. 2d 300, 304 (1949).

9

and *Duvall* are equivalent to a demurrer, the Supreme Court must have found the decision timely because demurrers are dismissals without prejudice, while petitions found untimely are dismissed with prejudice. *Id.* at 870-71. Second, although the Supreme Court was aware of the lower court's decision denying relief on untimeliness grounds when the petitioner presented the same claims to the Supreme Court that he submitted before the lower court, along with the lower court's decisions, the Supreme Court did not issue a postcard denial. *Id.* at 871. Third, the Supreme Court did not include citations to the cases it regularly uses to indicate untimeliness. *Id.* at 868-69 ("California courts signal that a habeas petition is denied as untimely by citing the controlling decisions. . . *Clark* and *Robbins*.") (citations omitted). The Ninth Circuit concluded that under the circumstances, citations to *Swain* and *Duvall* were a "clear signal that [the Supreme Court] found [petitioner's] habeas petitions timely." *Id.*

Here, the Supreme Court denied the Petitioner's state habeas petition by merely citing to *People v. Duvall*, 9 Cal. 4th 464, 474 (1995). (ECF No. 8-14.) Although this denial does not also cite to *Swain*, the Ninth Circuit in *Curiel* held *Duvall* and *Swain* offer "adequate insight" on the issue of timeliness, *Curiel*, 830 F.3d at 870, and there is no reason to treat a citation to *Duvall* only any differently.

In his state habeas petition to the Supreme Court, Petitioner presented the same claims for relief as he did before the lower courts, raised a new claim, and submitted the Court of Appeal's decision holding Petitioner's habeas claims were untimely. (ECF No. 8-13 at 27.) The Supreme Court could have issued a decision dismissing some or all of the claims as untimely, indicating agreement with the Court of Appeal's decision. It did not. Neither did the Supreme Court include citations of cases it normally uses to indicate untimeliness. *Curiel*, 830 F.3d at 871. Instead, the Supreme Court denied the petition with a citation to *Duvall* only. As in *Curiel*, the circumstances here demonstrate the citation to *Duvall* is a clear signal that the petition was deemed timely. Therefore, the statute of limitations was tolled for the entire pendency of the state petitions.

/ / /

As stated above, the statute of limitations started running on September 23, 2014, and expired one year later on September 23, 2015, pursuant to § 2244(d)(1)(A). However, the statute of limitations was tolled when Petitioner filed his first petition for writ of habeas corpus in the Superior Court on May 15, 2015. (ECF No. 8-9.) By this time, 234 days of the statute of limitations had lapsed, and 131 days remained. The limitations period remained tolled until April 20, 2016, when Petitioner completed his full round of collateral review by the state courts, and the California Supreme Court denied the petition. (ECF No. 8-14.) To be timely, Petitioner should have filed in federal court by August 29, 2016, within 131 days of the Supreme Court's denial. However, Petitioner did not file the Petition until 306 days later on February 20, 2017. (ECF No. 1 at 12.) Therefore, even with the benefit of statutory tolling, the Petition is untimely because it was filed 174 days late. Unless Petitioner is entitled to equitable tolling, his Petition is time barred.

**C. Equitable Tolling**

Petitioner is not entitled to equitable tolling on the record presently before the Court. However, Petitioner argues that he was mentally incompetent during the AEDPA limitations period (from June 25, 2014 through February 20, 2017) and requests further factual development of the record on the issue of equitable tolling pursuant to *Laws v. Lamarque*, 351 F.3d 919 (9th Cir. 2003). (ECF No. 10 at 3.) In support, and as explained below, Petitioner submits argument and medical evidence that suggests he may be entitled equitable tolling due to mental incompetence. Thus, this Court concludes the opportunity for further factual development of the record concerning the status of Petitioner's mental impairment is required before deciding the issue of equitable tolling. *See Laws*, 351 F.3d at 924.

AEDPA's statute of limitations period may be tolled for equitable reasons in appropriate cases. *Holland v. Florida*, 560 U.S. 631, 645 (2010). "Petitioner is entitled to equitable tolling only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Id.* at 649 (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). Mental impairment

11

can permit equitable tolling when two factors are met. First, the impairment was either so severe Petitioner was unable to understand the need to timely file or his mental state rendered him unable to prepare a habeas petition and effectuate its filing. *See Bills v. Clark*, 628 F.3d 1092, 1100 (9th Cir. 2010). Second, the impairment must have made it impossible to meet the filing deadline under the totality of circumstances despite Petitioner's diligence. *See id.*

The equitable tolling test is stringent. "[T]he mental impairment must be so debilitating that it is the but-for cause of the delay, and even in cases of debilitating impairment the petitioner must still demonstrate diligence." *Yow Ming Yeh v. Martel*, 751 F.3d 1075, 1078 (9th Cir. 2014); *see Forbess v. Franke*, 749 F.3d 837, 839, 841 (9th Cir. 2014) (holding petitioner's mental illness was so severe and made it impossible to meet filing deadlines because, while incarcerated, petitioner believed he was working with the FBI to help apprehend his wife and family whom he believed were part of a drug cartel). When there is substantial evidence in the record to demonstrate a petitioner possessed sufficient competence and capability to file during the limitations period, equitable tolling does not apply. *See Orthel v. Yates*, 795 F.3d 935, 938-39 (9th Cir. 2015) (concluding evidence petitioner engaged in college-level classes and had "fairly good" insight and judgment refuted petitioner's claims of incompetency); *see also Gaston*, 417 F.3d at 1034-35 (physical and mental disabilities did not provide for equitable tolling because they did not prevent the prisoner from meeting other filing deadlines).

For the time period of May 2015 through February 2016, the record suggests that Petitioner is not entitled to equitable tolling because he was able to timely file habeas petitions in the state courts. Mental disabilities cannot provide for equitable tolling when there is evidence Petitioner's mental disabilities did not prevent Petitioner from meeting other filing deadlines. *See Gaston*, 417 F.3d at 1034-35. As previously discussed, proceeding in pro per in May 2015, October 2015, and February 2016, Petitioner timely filed habeas petitions at all three state court levels. These petitions were written coherently, cited to case law, and adequately explained Petitioner's arguments. (*See* ECF Nos. 8-9; 8-

12

11; 8-13.) Moreover, in his petition dated May 15, 2015, Petitioner himself attributed his 234 day delay in filing his first state habeas petition with the Superior Court to having "received late" medical records to support his ineffective assistance counsel claim and not to any alleged mental impairment. (ECF No. 13 at 5 (citing ECF No. 8-9 at 8).) These filings undermine Petitioner's assertion that his mental condition rendered him incapable of filing or understanding the need to timely file, at least for the time period through February 2016.[7]

For the time period of March 2016 through Petitioner's filing deadline in August 2016, the opportunity for more factual development is required before this Court determines whether any mental impairment of Petitioner warrants equitably tolling of the limitations period. The mental health records attached to the Petition show that Petitioner has a long history of mental health issues. (*See* ECF Nos. 1-2; 1-3 at 102-09.) In addition, the medical records reflect that while Petitioner's mental condition is well-controlled with medication, "significant problems will arise when he is not compliant with medication treatment and other forms of therapeutic intervention." (*See* ECF No. 1-3 at 102-09.) Petitioner claims that he was mentally incompetent throughout the AEDPA limitations period due to problems with medication. (ECF No. 10 at 4.) However, the records provided are dated from October 1, 1999 to February 25, 2013, and thus, are not highly probative of Petitioner's mental state during the relevant time period – the time period starting after Petitioner's judgment became final on September 23, 2015. (*See* ECF Nos. 1-2; 1-3 at 102-09.)

Under *Laws*, a district court may only dismiss a claim in the presence of a sufficiently developed record containing "countervailing evidence" that rebuts a

---

[7] Respondent also argues that a handwritten notation in the record shows that Petitioner understood the requirements of filing a timely federal petition. In support, Respondent refers to the Supreme Court's April 20, 2016 denial filed as an attachment to the Petition here. (ECF No. 13 at 5.) There is a handwritten notation on the denial of the words "Due Date" and the numbers "4 20 17." (ECF No. 1-2 at 3.) Respondent argues that this notation is evidence that Respondent was aware of the one-year limitations period. (ECF No. 13 at 5.)

13

petitioner's claim. *Laws*, 351 F.3d at 924. To demonstrate equitable tolling of the statute of limitations is appropriate, Petitioner filed a declaration that seems to suggest he will seek to amend the Petition to include his "current" CDC mental health records, which he claims will demonstrate his alleged mental incompetence. (ECF No. 10 at 2, 4-5.) Petitioner claims that he previously attempted to secure his mental health records for the time period of June 25, 2014 through February 20, 2017, but was unsuccessful. (ECF No. 10 at 4.) While a motion seeking to amend the Petition has yet to be filed, it appears that Petitioner may now have obtained, or is able to obtain, these records and may be prepared to move to amend the Petition, in light of his representation that he "now ha[s] adequate legal help." (*Id*. at 5.)

On November 16, 2017, this Court issued an order seeking to clarify the record with respect to any possible amendment or supplemental filings concerning Petitioner's mental health condition. (ECF No. 14.) In response, Respondent filed a motion for reconsideration of that order and represented that:

> to the extent petitioner seeks to rely on any records that may exist in support [of equitable tolling] . . . a paralegal [for Respondent] has started the process of requesting any such records from this time period from the California Department of Corrections. Within thirty days upon receipt of such records or in the event Respondent is advised that no such records exist, Respondent will file a supplemental response to the pending motion to dismiss and lodge[] such records with the Court or advise the Court that no such records exist.

(ECF No. 15 at 2.)[8] Respondent has not yet offered any countervailing evidence in the form of medical reports showing that Petitioner was mentally competent during the relevant time period. Given the state of the record, the Court cannot determine whether Petitioner is entitled to equitable tolling due to his alleged mental impairment throughout

---

[8] Based, in part, on this representation, Respondent's Motion for Reconsideration was granted and the Court's order was rescinded. (ECF No. 16.)

14

the relevant time period. Thus, a motion to dismiss is inappropriate at this time. *See Orthel*, 795 F.3d 935, 940 & n.2 (citing with approval the district court's denial of initial motion to dismiss so the parties could review medical evidence); *Hughes v. Marshall*, No. 11cv1185, 2011 WL 6372784, at *6 (N.D. Cal. Dec. 20, 2011); *Jones v. Uribe*, No. 09cv1896-JM-POR (S.D. Cal. Apr. 23, 2010) (ECF No. 13) (denying motion to dismiss without prejudice to expand the record before dismissing a petition as untimely).

Therefore, the Court RECOMMENDS that the motion to dismiss the Petition as time barred be DENIED WITHOUT PREJUDICE. This denial should be without prejudice to renewing this motion on the ground that Petitioner did not suffer from a mental impairment that caused the untimely filing of his federal petition, and supporting such a motion with "countervailing evidence" that rebuts Petitioner's claim for equitable tolling, including relevant authenticated medical reports. *See Laws*, 351 F.3d at 924.

## V. CONCLUSION

For the reasons outlined above, **IT IS HEREBY RECOMMENDED** that the Court issue an Order: (1) approving and adopting this Report and Recommendation; (2) **DENYING WITHOUT PREJUDICE** Respondent's Motion to Dismiss Petition for Writ of Habeas Corpus (ECF No. 7); and (3) directing the assigned magistrate judge to issue a scheduling order for any motion seeking to amend the Petition and any answer on the merits or renewed motion to dismiss on the ground that Petitioner did not suffer from a mental impairment that caused the untimely filing of his federal petition.

**IT IS HEREBY ORDERED** that no later than **December 12, 2017**, any party to this action may file written objections with the Court and serve a copy on all parties. The document should be captioned "Objections to Report and Recommendation."

/ / /

/ / /

/ / /

/ / /

/ / /

**IT IS FURTHER ORDERED** that any reply to the objections shall be filed with the Court and served on all parties no later than **December 22, 2017**. The parties are advised that failure to file objections within the specified time may waive the right to raise those objections on appeal of the Court's order. *See Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, F.2d 1153, 1156 (9th Cir. 1991).

Dated: November 22, 2017

*[signature]*
Hon. Jill L. Burkhardt
United States Magistrate Judge